IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VINCENT PASCO, ) | |
|     ID # 1920738, ) | |
|         Petitioner, ) | |
| ) | |
| vs. ) | No. 3:19-CV-1237-G-BH |
| ) | |
| DIRECTOR, Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|         Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the petitioner's *Motion for Rule 60(b)(3)(4) and (6)*, received on April 4, 2023 (doc. 56), should be **CONSTRUED** as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, opened as a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

## I.  BACKGROUND

Vincent Pasco (Petitioner) filed a federal habeas petition under 28 U.S.C. § 2254 that was received on May 22, 2019. (*See* doc. 3.) On March 28, 2022, it was recommended that the petition be denied with prejudice as barred by the statute of limitations. (*See* doc. 38.) On April 26, 2022, the recommendation was accepted, the § 2254 petition was denied with prejudice as barred by the statute of limitations, judgment was entered, and a certificate of appealability was denied. (*See* docs. 42-43.) Petitioner appealed the judgment to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit). (*See* doc. 45.) His subsequent motion for reconsideration in this Court was construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

and denied on June 17, 2022. (*See* docs. 47, 52.) On September 23, 2022, the Fifth Circuit denied Petitioner a certificate of appealability, and its mandate issued on October 17, 2022. (*See* doc. 55.)

Petitioner now seeks relief under Federal Rule of Civil Procedure 60(b) "because there was an instance of aggravated perjury that was committed against me in response to my initial 11.07 actual innocence claim." (doc. 56 at 1.) He argues that "[t]his action of perjury hindered [him] from having a fair hearing in court," and that he subsequently "was denied review in the Court of Criminal Appeals based on the result of the unfair hearing." (*Id.*) His claims are based on the affidavit submitted by his trial counsel during the state habeas proceedings in response to his ineffective assistance of counsel claims. (*See id.* at 1-2.)

## II.     FED. R. CIV. P. 60(b)

Rule 60(b) provides that, upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered. *See* Fed. R. Civ. P. 60(c)(1).

Here, Petitioner's § 2254 petition was denied with prejudice as barred by the statute of limitations. (*See* docs. 42-43.) He does not claim that his petition was timely, and he does not argue that the limitations period is subject to statutory or equitable tolling. Nor does he address any of the bases upon which the Court determined that he failed to support his gateway claim of

actual innocence with new evidence and to show that it was more likely than not, in light of such new evidence, that no reasonable fact-finder would have found him guilty beyond a reasonable doubt. He also does not allege any defect in the integrity of the federal habeas proceedings. Rather, he seeks relief under subsections (3), (4), and (6) of Rule 60(b) based on alleged "aggravated perjury that was committed against me in response to my initial 11.07 actual innocence claim." (doc. 56 at 1.)  He contends that his trial counsel "made false assertions" in the affidavit he submitted during the state habeas proceedings, and that the state habeas court erroneously went along with counsel's "false affidavit." (*Id.* at 2; *see also id.* at 1-4.)

Petitioner's claims reassert and recharacterize arguments raised in his § 2254 petition and raise new allegations of voidness of the underlying conviction. Because he restates prior arguments and raises new allegations on the merits, and he does not raise any basis for challenging the Court's ruling on limitations grounds, his motion is not a proper Rule 60 motion for relief from judgment; it qualifies as a successive § 2254 petition. *See Jackson v. Lumpkin*, 25 F.4th 339, 340-41 (5th Cir. 2022) (determining that the petitioner's Rule 60(b) motion was properly characterized as a successive habeas petition where he had no basis to challenge dismissal of petition as time-barred, and where he presented new evidence to support previously raised claims); *United States v. Blair*, No. 22-10239, 2022 WL 18782844, at *1 (5th Cir. Oct. 6, 2022) (denying certificate of appealability where the district court construed Rule 60(b) motion as unauthorized successive motion following dismissal of original habeas petition as time-barred).

### III.   SUCCESSIVE HABEAS PETITION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume

that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *See Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment."). A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487-88 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Martinez-Villareal*, 523 U.S. at 645.

Here, Petitioner's motion reasserts previous arguments and raises new allegations relating to alleged defects in the state habeas proceedings as grounds for relief from the underlying state

court conviction that he challenged in his original § 2254 petition, and it does not assert any facts or arguments challenging the denial of the petition as time-barred. (*See* docs. 38, 42-43, 56.) As such, it is properly construed as a successive habeas petition, as discussed. *See Jackson*, 25 F.4th at 340-41. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 petition, it lacks jurisdiction to consider the new petition and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the petition should be transferred.

### IV.   RECOMMENDATION

Petitioner's *Motion for Rule 60(b)(3)(4) and (6)*, received on April 4, 2023, should be **CONSTRUED** as a second or successive petition for a writ of habeas corpus under 28 U.S.C. §

2254, opened as a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motion in this habeas case; (2) open a new habeas case; (3) in that new case, docket the post-judgment motion as a § 2254 petition filed April 4, 2023; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any order accepting those Findings, Conclusions, and Recommendation, and the judgment in that new case; and (6) without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 7th day of April, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE